O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASTERSON, ET AL., ) | Case No. CV 18-08929 DDP (PLAx) |
| Plaintiff, ) | |
| ) | **ORDER GRANTING DEFENDANTS' MOTION** |
| v. ) | **TO DISMISS** [25] |
| ) | |
| CWALT, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

Presently before the court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. Having considered the submissions of the parties, the court grants the motion and adopts the following Order.

**I.  Background**

Plaintiffs' First Amended Complaint ("FAC"), which spans over 350 pages, exclusive of exhibits, and alleges 116 causes of action, is the latest iteration of Plaintiffs' efforts to allege claims related to their 2007 execution of a $1,995,000 promissory note secured by a Deed of Trust to Plaintiffs' home in Hollywood, California.  (FAC ¶ 31, Ex. 1.) See Case No. 2:14-cv-08741-DDP-AJW. The Deed of Trust named Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary as nominee for lender

Countrywide Home Loans. (Ex. 1.) In 2010, MERS assigned the deed to Defendant Bank of New York Mellon ("BONY") in its capacity as trustee for the certificate holders of CWALT, Inc., Alternative Loan Trust 2007-13 Mortgage Pass-through Certificates, Series 2007-19. (FAC, Ex.2.) Plaintiffs' complaint is premised on the contention that over one hundred assignments of mortgages and deeds of trusts into mortgage backed securities are "fatally flawed." (FAC ¶ 25.) Defendants now move to dismiss the FAC.

**II. Legal Standard**

A motion under Rule 12(b)(1) may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the legal sufficiency of the jurisdictional facts. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)(citing 2 James Wm. Moore et al., Moore's Federal Practice 12.30[4], at 12-38 to 12-41 (3d ed.1999)). Where the motion attacks the complaint on its face, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor. Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009).

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual

2

allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

Defendants contend that Plaintiffs lack Article III standing. (Motion at 4.)  A party invoking federal jurisdiction bears the burden of demonstrating that he has standing. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992).  To meet that burden, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by

a favorable decision. Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 181 (2000).

    As an initial matter, the court notes that Plaintiffs' Opposition is, in some instances, non-responsive to Defendants' arguments, and in others, refers to causes of action that are not stated in the body of the FAC. See Grabhorn v. HSBC Bank USA, No. CV 12-8540-GHK (SHX), 2013 WL 12130011, at *5 (C.D. Cal. Jan. 10, 2013); Richter v. Mut. of Omaha Ins. Co., No. CV 05-498 ABC, 2007 WL 6723708, at *5 (C.D. Cal. Feb. 1, 2007). More fundamentally, however, Plaintiffs fail to allege an actual or imminent, concrete injury in fact. The FAC acknowledges that Plaintiffs are current on their mortgage, and therefore at no risk of foreclosure. (FAC ¶ 24.) To the extent Plaintiffs contend that they have standing to assert breaches of various trusts' prospectuses or pooling and service agreements ("PSAs"), even though they are not parties to such agreements, this Court has already addressed, and rejected those arguments. See Rajamin v. Deutsche Bank Nat. Trust Co., 757 F.3d 79, 91 (2nd Cir. 2014); Masterson v. Bank of New York Mellon, No. CV 14-08741 DDP AJWX, 2015 WL 1285039, at *2 (C.D. Cal. Mar. 20, 2015). As this court has explained, mortgagors who are not investors in a trust lack standing to bring claims based on a violation of trust rules. See, e.g., Rubio v. U.S. Bank, N.A., No. C 13-05752 LB, 2014 WL 1318631 at *7-8 (N.D. Cal. Apr. 1, 2014); Yarpezeshkan v. Bank of America, N.A., No. 14-cv-237 JM, 2014 WL 3002410 at *3-4 (S.D. Cal. Jul. 2, 2014); Armeni v. America's Wholesale Lender, No. CV 11-8537 CAS, 2012 WL 603242 at *3 (C.D. Cal. Feb. 24, 2012); see also Rajamin, 757 F.3d at 86.

1    Plaintiffs appear to argue that they have standing to
2 challenge void assignments, while simultaneously recognizing the
3 existence of authority stating, to the contrary, that assignments
4 to trusts that post-date the trusts' closing date render such
5 assignments voidable, not void. (Opposition at 19.) "New York
6 law, as interpreted by an overwhelming majority of New York,
7 California, and federal courts . . . provides that defects in the
8 securitization of loans can be ratified by the beneficiaries of the
9 trusts established to hold the mortgage-backed securities and, as a
10 result, the assignments are voidable." Pearson v. JP Morgan Chase,
11 N.A., No. 18CV411-CAB-BGS, 2019 WL 108478, at *4 (S.D. Cal. Jan. 4,
12 2019) (quoting Mendoza v. JPMorgan Chase Bank, N.A., 6 Cal. App.
13 5th 802, 805, 212 Cal. Rptr. 3d 1, 3 (2016)). Whether a post-
14 foreclosure borrower (which Plaintiffs are not) has standing to
15 challenge a void assignment is, therefore, irrelevant. See Yvanova
16 v. New Century Mortg. Corp., 62 Cal. 4th 919, 939 (2016).
17 Plaintiffs support their argument that this Court should ignore
18 this weight of authority with but a single citation to a New York
19 case that was reversed on appeal. See Wells Fargo Bank, N.A. v.
20 Erobobo, 127 A.D.3d 1176, 1178 (2015) ("[A] mortgagor whose loan is
21 owned by a trust[] does not have standing to challenge the []
22 possession or status as assignee of the note and mortgage based on
23 purported noncompliance with certain provisions of the PSA.")
24 (emphasis added). Plaintiffs' inclusion in the FAC of one hundred
25 additional assignments, to which Plaintiffs are also not parties or
26 beneficiaries, does nothing to confer standing upon Plaintiffs
27 where none existed before.
28 **IV. Conclusion**

5

     For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.  Plaintiffs' FAC is DISMISSED.

IT IS SO ORDERED.


Dated: August 10, 2021

DEAN D. PREGERSON
United States District Judge